UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------

|  |  |  |
|---|---|---|
| THOMAS POE, | : | CASE NO. 1:08-CV-00262 |
| Plaintiff, | : |  |
| vs. | : | OPINION & ORDER |
|  | : | [Resolving Docs. No. 61, 64.] |
| GMAC COMMERCIAL FINANCE LLC, | : |  |
| Defendant. | : |  |

------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On February 1, 2008, Plaintiff Thomas Poe filed a Complaint alleging that his employer, Defendant GMAC Commercial Finance ("GMAC"), discriminated against him on the basis of his age. [Doc. 1.] On August 18, 2008, the Court issued an Opinion and Order granting Defendant GMAC's Motion for Summary Judgment. [Doc. 58.] On September 2, 2008, the Plaintiff filed a Motion for Reconsideration. [Doc. 61.] The Defendant opposes the Plaintiff's Motion for Reconsideration. [Doc. 64.] For the following reasons, the Court **DENIES** the Plaintiff's Motion for Reconsideration.

### I. Legal Standard

The Federal Rules do not describe motions to reconsider. The Sixth Circuit, however, has held that a motion to vacate and reconsider may be treated under Federal Rule of Civil Procedure 59(e) as a motion to alter or amend a judgment. *See Smith v. Hudson*, 600 F.2d 60, 62 (6th Cir. 1979) ("[A] motion which asks a court to vacate and reconsider, or even to reverse its prior holding, may properly be treated under Rule 59(e) as a motion to alter or amend a judgment."). Such a

Case No. 1:08-CV-00262
Gwin, J.

motion is extraordinary and is seldom granted because it contradicts notions of finality and repose. *See Wells Fargo Bank v. Daniels,* No. 1:05-CV-2573, 2007 WL 3104760, at *1 (N.D. Ohio Oct. 22, 2007); *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995).

A court may grant a motion to amend or alter judgment if a clear error of law or newly discovered evidence exists, an intervening change in controlling law occurs, or to prevent manifest injustice. *See Gencorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). "It is not the function of a motion to reconsider either to renew arguments already considered and rejected by a court or 'to proffer a new legal theory or new evidence to support a prior argument when the legal theory or argument could, with due diligence, have been discovered and offered during the initial consideration of the issue.'" *McConocha v. Blue Cross & Blue Shield Mut. of Ohio*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996) (quoting *In re August 1993 Regular Grand Jury*, 854 F. Supp. 1403, 1408 (S.D. Ind. 1994)). When the "defendant views the law in a light contrary to that of this Court," its "proper recourse" is not by way of a motion for reconsideration "but appeal to the Sixth Circuit." *Dana Corp. v. United States*, 764 F. Supp. 482, 489 (N.D. Ohio 1991).

**II. Analysis**

In the instant motion, Plaintiff Poe argues that he has obtained new evidence previously withheld by the Defendant that corroborates Poe's testimony and undermines the Defendant's arguments. [Doc. 61 at 2.] The Plaintiff's Motion for Reconsideration does not succeed on the merits, however, as the evidence offered by the Plaintiff still fails to present a genuine issue of material fact as to whether the Defendant's proffered business reasons for terminating the Plaintiff were pretext for age discrimination and whether the Plaintiff was similarly situated to other GMAC employees who were hired or permitted to transfer to another position.

Case No. 1:08-CV-00262
Gwin, J.

The Plaintiff argues that the Defendant withheld the file that Richard Daly, Executive Vice President of Human Resources, maintained regarding Poe until August 14, 2008 – four days before the Court's decision to grant summary judgment in this case. In this file were spreadsheets listing the individuals that the Defendant had terminated and hired during 2007-2008. [Doc. 61, Ex.3.] Additionally, the file contained the records for the Plaintiff's office and cellular phone for the period of August-November 2007. [Doc. 61, Ex. 1.]

According to the Plaintiff, the Defendant's hiring and termination records "reveal more hiring decisions by [the] Defendant than were disclosed previously in discovery." [Doc. 61 at 1-2.] Even if the Court assumes that it could not have been previously discovered, this information does not support or strengthen the Plaintiff's claim of age discrimination because he fails to demonstrate that he was similarly situated to any of the individuals that GMAC hired during this time. Although GMAC hired certain individuals, the persons hired were either in a different division from that of the Plaintiff or had certain particularized knowledge that the Plaintiff did not possess. [Doc. 64, Ex.1.] Moreover, the positions in question were based in Texas and the individuals hired for these positions were not new to the company – instead, they came to GMAC as a result of an intra-company sale of the Health Capital Division. [*Id.*] Focusing solely on the Defendant's 2007-2008 hiring records, the Plaintiff also neglects to mention that the Defendant's records reveal a significant number of terminations throughout the company during this time period, bolstering the Defendant's argument that the Plaintiff was let go as a cost-cutting measure and not due to age discrimination. [Doc. 62, Att. 6 at 6-7.]

Furthermore, the Defendant's 2007-2008 hiring and termination records, on their face, do not in any way support the Plaintiff's claim that GMAC "overstated [Shane] Leary's efforts to secure

Case No. 1:08-CV-00262
Gwin, J.

relocation in October 2007, while understating Poe's [efforts] and the opportunities potentially available to him." [Doc. 61 at 7.] The Court, in its Opinion and Order, found that Poe and Leary were "not as similarly situated as Poe suggests" because Poe presented "no evidence to refute the Defendant's showing that Leary received a position because he sought out the relocation earlier than Poe and most important, when an applicable position was still available." [Doc. 58 at 16.] Further, Poe did not refute "the Defendant's evidence that by October 30, 2007 there were no longer positions available." [*Id.*] The evidence presented by the Plaintiff in support of the Motion to Reconsider does not contradict the Court's finding and does not create a genuine issue of material fact as to whether the Plaintiff and Leary were similarly situated.

Finally, the Plaintiff's argument that his previously undisclosed office and cellular phone records for the period from August-November 2007 corroborate his efforts to pursue job opportunities at GMAC, particularly the date of a certain breakfast meeting, does not create a genuine issue of material fact as to whether the Plaintiff was discriminated against based on his age. Indeed, the Court acknowledged in its Opinion and Order that a breakfast meeting occurred on September 28, 2007 and the meeting included some discussion regarding relocation. [Doc. 58 at 15.]

### III. Conclusion

For all of the aforementioned reasons, the Court **DENIES** the Plaintiff's Motion for Reconsideration.

IT IS SO ORDERED.

Dated: September 22, 2008  s/  *James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE